Independent Order of Sons and Daughters of Jacob of America v. Saul Moncrief.

[50 South. 558.]

1. Chancery Pleadings and Practice. *Exhibits to pleadings. Demurrers.*

Where a bill in equity against a fraternal order charged that the defendant's liability to complainant became fixed by specified sections of its constitution and by-laws and required the order to file copies of the same, to become when filed exhibits to the bill, the same when filed by defendant become parts of the bill in determining its sufficiency on demurrer.

2. Insurance. *Fraternal orders. Forfeiture of membership. Sick benefits. By-laws.*

Where the by-laws of an order, which forfeited membership on a failure to pay dues, authorized it to provide benefits for sick members only on condition that, and when, the order had taken action and voted him the benefit, a member in arrear for dues, to whom no benefit was ever allowed, cannot escape a forfeiture of his membership on the claim that "sick benefits" should have been credited to his dues.

From the chancery court of Newton county.

Hon. Samuel Whitman, Jr., Chancellor.

Moncrief, appellee, was complainant in the court below; the Independent Order, etc., appellant, was defendant there. From a decree overruling defendant's demurrer to the bill of complaint, it appealed to the supreme court.

The bill charged that one Adaline Moncrief, complainant's wife, held a death benefit certificate in the appellant order, in which complainant was the beneficiary, of date January 26, 1904; that she had paid all dues on same up to July, 1907; that his said wife became sick with tuberculosis in January, 1907, and died the following December; that during the time of her sickness the said order made no allowances to her in the nature

of a sick benefit, although she was in needy circumstances; that proper proof of death had been made by complainant, the beneficiary in the certificate, to whom it was due, but payment of the policy had been refused by defendant.   The bill further charged that the wife of the complainant was, because of her poverty, unable to make payments of her monthly dues from July, 1907, until her death; that it was the duty of said order to allow her the sick benefit, and that the scribe, an officer of defendant, should have had this allowance made, and deducted her dues from the amount, and sent her the balance, which he failed to do; and that because of said failure his said wife was not in default in the payment of monthly dues.   The bill makes the constitution and by-laws a part thereof, and refers to them specially, and alleges that complainant is not in possession of a copy of same, and prays that the defendant be required to bring them into court for inspection.

To this bill the defendant demurred, on the grounds that complainant's wife was not in good standing, because she had failed to pay assessments, being several months in arrears at the time of her death, and had forfeited her membership under the constitution and by-laws; that according to the constitution and by-laws a sick benefit could not be allowed her, except by vote of the local lodge, and that it was not the mandatory duty of the lodge to order a sick benefit, and that it was not the duty of the scribe to do so without the matter having been acted upon by the local lodge; that, the defendant's intestate having failed, refused, and neglected to comply with the terms and conditions of her contract, she had forfeited her membership and right to a death benefit, all of which would appear from the bill itself and the constitution and by-laws of said order.

*W. J. Latham,* for appellant.

It is an elementary proposition of law regarding mutual or fraternal benefit societies, that the policy or certificate and by-laws and constitution of the society together constitute the con-

tract of membership between the member and the society. *Madeira v. Merchant's Exchange Mut. Ben. Soc.* (C. C.), 16 Fed. 794; *Smith v. Bouditch Mut. F. Ins. Co.,* 6 Cush. (Mass.) 448; 1 Cooley's Briefs on Insurance, 692, 693. And the insured is charged with knowledge of this in the by-laws and constitution. The by-laws and constitution are made a part of the bill of complaint in this case. *Bauer v. Sampson Lodge,* 102 Ind. 262, 1 Bacon on Ben. Soc. § 81; *Pfister v. Gerwick,* 122 Ind. 567.

It will be seen from the enacting clause in book of laws, sec. 1, p. 63, that the by-laws and constitution filed in the cause at the request of appellee, were in force and effect at the time of the forfeiture and death of the insured, Adaline Moncrief.

Upon the failure of Adaline Moncrief to pay the assessment which became due and payable on or before the 10th day of July, 1907, she became unfinancial and suspended from the benefits provided for financial members of the order.

The liability and obligations of every member of the appellant is fixed to a certainty, without any reservation or exceptions by the by-laws and constitution. Sec. 5, p. 30.

The law is self-executing and the moment the time has passed for payment and the member not having paid, she is then suspended without any action of the order or subordinate branch. Sec. 9, p. 32.

The authorities are uniform in holding that a fraternal benefit society has the right to enact by-laws which will of themselves work a forfeiture upon the failure of a member to strictly comply with them, without the necessity of any further action being taken by the order or its officers, and no recovery can be had upon the member's benefit certificate. *Illinois M. B. S. v. Baldwin,* 86 Ill. 479; *Bargraete v. K. H.,* 22 Mo. App. 137, 142; *Stewart v. Supreme Council,* 36 Ind. 319; *Lehman v. Clarke,* 174 Ill. 279; *Scheele v. Grand Lodge,* 63 Mo. App. 277; *Rood v. Railway Pas. Assn.,* 31 Fed. 62; *Rosworth v. Western M. & Assn.,* 75 Iowa, 582; *McInnis v. New Orleans Cotton Exc. Assn.,* 10 South. 180.

Sickness and poverty are no excuse and do not relieve the insured from the burdens of paying the assessments required of all members alike.   3 Cooley's Briefs on Insurance, 2380, 2381; *Hawkshaw v. K. of H.* (C. C.), 29 Fed. 770; *McElhone v. Mass. Assn.*, 2 App. D. C. 397; *Grand Lodge A. O. W. W. v. Jesse*, 50 Ill. App. 101; *Carpenter v. Centennial Life Assn.*, 68 Iowa, 453; *Yoe v. Howard Masonic Mut. Ben. Assn.*, 63 Md. 86.

The constitution and by-laws of the order nowhere provide that a sick member should receive benefits at all events, but on the contrary it has express provisions against such allowances by the subordinate lodges.   Sec. 2, p. 47 of the constitution and by-laws.   *St. Patrick's Male Soc. v. McVey*, 92 Pa. St. 510.

*J. H. Mize* and *F. F. Mize*, for appellee.

The appellant in this case is an organization for the protection of such members as might come to the condition of Adaline Moncrief, and its rules should be liberally construed in favor of the insured.   *Independent Order of Sons, etc., v. Murphy*, 77 Miss. 830, 27 South. 624; *Morgan v. Independent Order of Sons, etc.*, 90 Miss. 864, 44 South. 791.

The copies of by-laws filed by appellant in the case cannot be considered on demurrer.   In other words, all that comes before the court is whether or not the demurrer was properly overruled. Appellant's demurrer has admitted the allegations of the bill to be true, and, taken as true, they constitute a cause of action, and the demurrer was properly overruled and the decree should be affirmed.

Argued orally by *W. J. Latham*, for appellant.

Mayes, J., delivered the opinion of the court.

The bill in this case wholly fails to state any cause of action, and the demurrer should have been sustained.   The constitution

and by-laws of the order constitute a part of the bill, of complaint by express allegations of the bill. Thus it is alleged that the liabiity of the order became fixed by sections 1, 2, 3, 4, and 5 of article 4 of the by-laws, and various other references are made to the constitution and by-laws in the complaint. It is expressly requested, as a part of the bill, by reason of the fact that the complainant has been unable to obtain a copy to file as an exhibit to the bill, that defendant be required to file a copy of the by-laws, and that same be made a part of the bill. And yet counsel for appellee argue, after this part of the prayer has been complied with, and the constitution and by-laws filed, that the court has no right to consider same on this demurrer. There is nothing in this argument. These by-laws are as much a part of this bill, in the case as it now stands, as if they had been actually copied into the face of the bill. When we examine these by-laws, we see that the failure to pay dues by members of the order forfeits the membership; and when we examine the bill, it shows that Adaline Moncrief did not pay her dues from July, 1907, to December, 1907, the last date being the date of her death. Thus it is that on the face of the bill it is shown that the insured was not a member of the order when she died, and therefore not entitled to insurance, unless there was some excusable reason for this failure to pay the dues, and made excusable under the constitution and by-laws of the order.

The excuse offered in the bill for the nonpayment of the dues is that Adaline Moncrief was sick, and because she was sick became entitled to a sick benefit, and that it was the duty of the lodge to pay the dues out of this sick benefit, sending to the sick member only the surplus, after retaining all dues that might be owing; but, when the constitution and by-laws are examined, it will be seen that the order does not agree to pay to all parties who are sick a benefit. The lodge can provide a sick benefit for a sick member, but the lodge does not agree, absolutely, to allow every sick member a benefit; but a member becomes entitled to a

benefit on two conditions, namely, that he is sick, and, secondly, after he is sick, that the lodge take further action and vote the member an allowance. The lodge had made no allowance in this case, and it is expressly so alleged in the bill, and until the allowance had been made there was no obligation on the part of the lodge to pay anything.

Demurrer sustained, decree reversed and cause remanded.

*Reversed.*