INDEPENDANT ORDER OF SONS AND DAUGHTERS OF JACOB OF
AMERICA *v.* ENOCH *et al.*

[66 South. 744.]

INSURANCE. *Fraternal insurance. Forfeiture. Nonpayment of dues.*
Where under the Constitution and by-laws of a fraternal order, a
member forfeited his membership by the failure to pay his dues,
and the order was authorized to provide a sick benefit, upon
a vote of the lodge, and apply a portion to the payment of the
dues, a member, who had paid no assessments, for five months be-
fore her death, and who had been allowed only one sick benefit,
her other application having been refused. In such case the mem-
ber forfeited her membership, as under the Constitution and by-
laws she was entitled to no sick benefits, until after an affirma-
tive vote of the lodge.

APPEAL from the chancery court of Madison county.
HON. P. Z. JONES, Chancellor.

Suit by Mollie Enoch and others against the Independ-
ent Order of the Sons and Daughters of Jacob of Amer-
ica. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Latham & Latham,* for appellant.

The complainants offer as an excuse for the failure of
Annie Rankin to pay the assessments required of her
by the terms of her contract, the fact that she was sick
and unable to pay them. Sickness and poverty are no
legal excuses for not paying unless she was excused
from paying her assessments, while sick by the laws of
the order and the terms of her contract. The laws of the
order and the contract of hers do not make sickness any
excuse for not paying assessments, but on the other hand
requires prompt payment every month.

For long years prior to the membership of Annie Ran-
kin and up to the date of her death, it was the law of the

order and a part of her contract with the order, that "No lodge shall have any fixed allowance for any period of sickness of a member. If any member is allowed a sick benefit, it shall be done by a vote by ballot as to each allowance." See, also, sec. 2, art. 4, page 32, Laws of 1901, and secs. 1 and 2, art. —— page 47, Laws of 1906.

This court has upheld the provisions of the laws of the order on the subject of "sick benefits" in an identical case with the one at bar, being *Independent Order of Sons and Daughters of Jacob* v. *Moncrief*, 96 Miss. 419. In that case the member had failed to pay the required assessment for about six months, during which time she was sick and unable to pay them. The court said: "The excuse offered in the bill for nonpayment of dues is that Adeline Moncrief was sick, and that it was the duty of the lodge to pay the dues out of this sick benefit, sending to the sick member only the surplus after retaining all dues that might be owing; but when the constitution and by-laws are examined, it will be seen that the order does not agree to pay to all parties who are sick, a benefit. The lodge can provide a sick benefit, for a sick member, but the lodge does not agree absolutely, to allow every sick member a benefit; but a member becomes entitled to a benefit on two conditions, namely; that he is sick; and, second, after he is sick, the lodge takes further action and votes the member an allowance. The lodge had made no allowance in this case, and it is expressly so alleged in the blll, and until the allowance had been made, there was no obligation on the part of the lodge to pay anything."

We respectfully submit the foregoing brief and expect a reversal of the decree of the court below and a decree here for the appellant.

*S. E. Garner,* for appellee.

In the *Murphy case*, 77 Miss. 830, this court laid down the doctrine that in considering the by-laws and contracts

of benefit associations, a liberal construction must be put on them, so as to prevent a forfeiture if possible. This court followed that rule in the *Hoskin case,* 56 So. 169. Now, with this rule of construction in mind, let us consider section 1, article 4, of appellant's Laws of 1901, page 39, of the record in this case, which reads as follows: "Every lodge may care and provide for its sick members who are financial and needy. If an assessment monthly dues or taxation is due of a member who is sick and receiving aid from his or her lodge, the scribe shall deduct the same from the amount given to said member and the sick committees shall notify the sick members of same." The court has said that this law must be construed liberally in favor of the assured and in a way to prevent a forfeiture if possible. Then we take it that this law means that when a member that is financial becomes sick and notifies the lodge of same it then becomes the duty of the lodge to make the allowance and if an assessment is then due or becomes due to apply it to the assessments and give the member the balance. Surely, in this way a forfeiture can be prevented. Under a liberal construction of this law, if no allowance had ever been allowed to Annie Rankin, when she notified the lodge that she was sick, being then financial, she was entitled to an allowance and her heirs would be entitled to recover on this contract. But we have shown that an allowance had been made to Annie by the local lodge, which brings Annie within the rule in the Moncrief case which is the most strict construction that could have been put on the law in that case. Surely Annie Rankin, was receiving aid from the lodge and that is what the law says "Receiving aid from his or her lodge."

In another desperate struggle for life, counsel for appellant have tried to ring in the Smith case as having some bearing on this case. But a careful reading of the Smith case will show that it was decided on the question of knowledge of the principal as to the unlawful acts of

its agent. In the Smith case the agent had been acting outside the scope of his authority and plaintiff showed nothing that would even raise a suspicion that the principal knew of the said act of the agent. In the case now before the court, Atwood, the lord and master of the order said that he knew that the local lodge had a law and custom of allowing sick members a sick benefit in case of sickness, which was applied to assessments provided one was due during such time and not paid by the sick member.

The *Smith case,* 58 So. 100, practically says that where a custom is of long standing and that the principal knows of said custom, then the principal is estopped to deny that which the custom shows to be true.

REED, J., delivered the opinion of the court.

This is a suit brought in the chancery court by the appellees, beneficiaries in an insurance policy issued by appellant, Independent Order of Sons and Daughters of Jacob of America, a fraternal order incorporated and doing business under the laws of this state, on the life of Annie Rankin, to recover the amount owing under the terms of the policy. Appellant, in its answer to appellees' bill, set up as defense that Annie Rankin had forfeited her membership and her certificate of policy in the order by failing to pay assesments due, and had died without having been reinstated.

The evidence shows that these assessments had not been paid for five months before her death. Section 2, article 6, of the constitution and by-laws of the order, which were made exhibit to the answer, is as follows:

"Any member who owes three months' dues, or fails to pay any assessment on or by date it is due, or fails to pay any Supreme or Grand Lodge tax when due, or fails to pay any fine in thirty days after imposed, or fails to pay any tax of his or her lodge when due, is nonfinancial and suspended from the order."

Section 9, article 11, of the constitution and by-laws, reads as follows:

"A member permitting himself or herself to become nonfinancial and suspended or expelled, forfeits his or her membership in the order, and dying shall not have .paid by the order because of his or her death a death benefiit or any other kind of benefit."

It is contended by the appellees that there should have been no forfeiture of membership or of the certificate, because Annie Rankin was sick during the months when the assessments were not paid; that she was entitled to sick benefit in amounts more than enough to meet her assessments; and that under the custom of the lodge of which she was a member she was entitled to have such benefits, as far as was necessary, applied to the payment of such assessments.

We find that the constitution and by-laws set forth fully what shall be done by the lodge in the application of amounts due under an allowance of sick benefits to the payment of assessments. Section 1, article 4, reads:

"Every lodge may care and provide for its sick members who are financial and needy. If an assessment, monthly dues, or taxation is due of a member who is sick and receiving aid from his or her lodge, the scribe shall deduct the same from the amount given to said member, and the sick committee shall notify sick member of the same."

From the laws of the order it appears that no fixed allowance is made for a sick member. Such allowance is made by vote of the lodge by ballot. Section 2 of article 4 reads:

"No lodge shall have any fixed allowance for any period of sickness of a member. If any member is allowed a sick benefit, it shall be done by vote taken by ballot."

It is shown in the evidence that an allowance of one dollar was made for Annie Rankin in the early part of December, 1911, and that she was never paid the amount

It is further shown that thereafter her case was repeatedly reported to the lodge, notice being given of her illness each month, and that the lodge refused to make her any allowance. This case is controlled by the decision of the court in the case of *I. O. S. and D. of J. of A.* v. *Moncrief,* 96 Miss. 419, 50 So. 558. The following quotation which we make from the opinion in that case, delivered by Judge MAYES, will show the applicability of the holding therein as decisive of the case at bar:

"The excuse offered in the bill for the nonpayment of the dues is that Adaline Moncrief was sick, and because she was sick became entitled to a sick benefit, and that it was the duty of the lodge to pay the dues out of this sick benefit, sending to the sick member only the surplus, after retaining all dues that might be owing; but, when the constitution and by-laws are examined, it will be seen that the order does not agree to pay to all parties who are sick a benefit. The lodge can provide a sick benefit for a sick member, but the lodge does not agree, absolutely, to allow every sick member a benefit; but a member becomes entitled to a benefit on two conditions, namely, that he is sick, and, secondly, after he is sick, that the lodge take further action and vote the member an allowance. The lodge had made no allowance in this case, and it is expressly so alleged in the bill, and until the allowance had been made there was no obligation on the part of the lodge to pay anything."

The chancellor decreed that appellees were entitled to recover. This was error.

*Reversed and remanded.*